United States District Court
Southern District of Texas
**ENTERED**
April 01, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOB AHMADI, a/k/a ROBERT ABRAHAM KENNEDY, a/k/a ROBERT A. KENNEDY, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. H-18-0211 |
| BRIAN DOWNEY, *et al.*, | § § | |
| *Defendants*. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 raising over eighty claims against forty-seven named and unnamed employees of the Texas Department of Criminal Justice ("TDCJ") and the University of Texas Medical Branch ("UTMB"). Because the complaint violated the pleading requirements of Federal Rules of Civil Procedure ("FRCP") 18(a) and 20, the Court struck the pleading and ordered plaintiff to file a compliant complaint.

Plaintiff subsequently filed an amended complaint raising numerous claims against fourteen named TDCJ/UTMB employees at the Jester III Unit arising from related and unrelated incidents. (Docket Entry No. 9.) The amended complaint again fails to conform to the pleading requirements of FRCP 18(a) and 20. Nevertheless, the Court has screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and **DISMISSES** the amended complaint for the reasons shown below.

## I.  BACKGROUND AND CLAIMS

Plaintiff is a state inmate serving a 1992 life sentence for first degree arson.  He was released to parole in April 2009 and arrested on new criminal charges in April 2010.  He was found incompetent to stand trial.  His competency was restored in October 2012 following administration of court-ordered antipsychotic medications.  He pleaded guilty to burglary of a habitation with intent to commit assault in October 2012 and was sentenced to five years' incarceration.  His parole was revoked in 2013 based on the 2012 conviction.  Plaintiff remains incarcerated under his 1992 life sentence.

Plaintiff complains that in February 2016, he was assigned to the Jester III medical unit.  Soon after his arrival, he began experiencing difficulties with prison and medical employees.  Specifically, he states that he was forced to take antipsychotic medications in February 2016, was denied access to courts in July and October 2016, and was denied medications and medical care in February, March, and September of 2017.  Plaintiff further claims that the defendants used excessive force, placed him in administrative segregation one or more times during 2016-2018, and transferred him to the Jester IV Unit, "a dangerous psychiatric hospital," in retaliation for his grievances and complaints.

Plaintiff purports to be a blind, mute, deaf, quadriplegic or paraplegic prisoner confined to a wheelchair, and unable to understand or speak the English language.  Because he emphasizes these conditions throughout his complaint, the Court is compelled to note that the conditions are refuted by records and pleadings filed in his other lawsuits.  Indeed,

2

plaintiff testified in his defense at his 1992 jury trial, and had no difficulty speaking and understanding the English language or hearing the proceedings. Moreover, *in his* competency evaluation from the Montgomery County Mental Health Treatment Facility (the "Facility") dated September 2, 2012, mental health providers expressly stated that plaintiff "was an extremely poor historian" who "provided inaccurate and misleading information." *See Ahmadi v. Pool*, C.A. No. H-15-0302 (S.D. Tex., Docket Entry No. 29-2, p. 10). Plaintiff readily understood and spoke English:

> [Plaintiff] was superficially cooperative; however, it was noted that he attempted to control the interview and was extremely difficult to redirect. He was loquacious and his speech was marked by a Persian accent. Although he spoke English effectively, his usage of the language, along with his accent, indicated it was likely not his native language.

*Id.*, p. 13. Nor were there any indications that he was deaf or blind: "His eye contact was within normal limits . . . . He denied currently experiencing hallucinations in any modality, and no perceptual disturbances were noted." *Id.* He was not a wheelchair-bound quadriplegic, as he "present[ed] with a wheelchair and a walker." *Id.* His "inability" to walk appeared voluntary:

> He continues to use his wheelchair despite the fact that all objective medical tests indicate he is able to walk. Furthermore, he has been observed walking around in his room, yet he insists he needs to use his wheelchair.

*Id.*, p. 14. The evaluators noted that plaintiff asked cafeteria workers to bring him food because he was "too handicapped to get it himself," but was then seen leaving and walking outside to a car without difficulty. *Id.*, p. 19. The evaluators determined that plaintiff was

3

"malingering" and "attempting to intentionally produce false or grossly exaggerated physical or psychological symptoms motivated by a desire to evade criminal prosecution." *Id.*, p. 19. He was found competent to stand trial, subject to continuing his medications. *Id.*, p. 21. Thus, the Court here will not rely on plaintiff's claims of having these physical limitations for purposes of this dismissal, as they are refuted by matters of public record.[1] It is clear, however, that plaintiff did exhibit behavioral and thought processing disturbances, and a cerebral stroke in 2004 left him with some degree of left side weakness. *Id.*, pp. 11, 19.

Plaintiff names as defendants TDCJ/UTMB employees Rabbiah Shabbaz, John Starliper, Ms. Duncan, Bolante A. Iweunor, Sundy Arimou, Harold L. Razor, Daniel R. Hunt, Christopher Smith, Lukuman A. Tiamiyu, Martha L. Beck, Lauretta Onwukwe, FNU Outtuloro, Martha Laura Burgess, and Ms. Dostal. He seeks a declaratory judgment and monetary damages against them in their official, individual, and supervisory capacities.

The Court takes judicial notice of pleadings and records filed in plaintiff's numerous *pro se* federal civil and habeas lawsuits and appeals, filed under the names "Bob Ahmadi,"

---

[1]The Court's determination is not based on credibility, but rather on matters of record appearing in plaintiff's other lawsuits. The Court also notes that plaintiff filed a successive habeas petition, and represented under penalty of perjury that the document he attached was an order from the Fifth Circuit authorizing him to file the successive petition. In dismissing the petition, the district court stated, "The Court has contacted the Clerk's Office for the Fifth Circuit, which confirmed [plaintiff] was not given authorization to file a second or successive petition. It appears that the order attached to the present motion is fraudulent. [Plaintiff] is placed on notice that sanctions may be imposed against him for submitting fraudulent documents to the Court." *See Ahmadi v. Director, TDCJ*, C.A. No. 4:17-CV-0218 (E.D. Tex. Dec. 7, 2018).

"Robert Kennedy," and "Robert A. Kennedy."[2]  The Court takes further judicial notice of plaintiff's three motions for authorization to file a successive habeas petition filed in the Fifth Circuit Court of Appeals.[3]

## II.  ANALYSIS

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis* in a lawsuit against prison officials.  Consequently, the lawsuit is subject to initial screening and *sua sponte* dismissal by the Court pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  These statutory provisions require a court to dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint containing both factual allegations and legal conclusions is frivolous where it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  In addition to the legal basis of the complaint, section 1915 empowers a court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

---

[2]*See* online PACER entries for "Bob Ahmadi," "Robert Kennedy," and "Robert A. Kennedy" under Texas civil and appellate cases, 2004–2021.

[3]*In re:  Bob Ahmadi*, No. 17-10859 (5th Cir.); *In re:  Bob Ahmadi*, No. 20-40257 (5th Cir.); *In re:  Robert Kennedy*, No. 20-20654 (5th Cir.).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Twombly*, 550 U.S. at 570. Plaintiffs must state enough facts to "nudge[ ] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

To avoid unnecessary duplication of issues in this case, the Court has considered, screened, and dismissed plaintiff's claims as to general claims he raised against more than one defendant, and as to each named defendant for claims other than the general claims.

A.     Official Capacity Claims

To the extent plaintiff sues the defendants for monetary damages in their official capacity, the Eleventh Amendment precludes such claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

Plaintiff's claims for monetary damages against the defendants in their official capacity are **DISMISSED WITH PREJUDICE**.

B.    Access to the Courts

Plaintiff claims that he was denied access to the courts in July and October 2016 because security officers refused to honor his library pass to use the law library.

To state a viable First Amendment claim for denial of access to the courts, a prisoner must plead factual allegations showing an actual injury; that is, that his ability to pursue a nonfrivolous, arguable legal claim was hindered. *Garcia v. Glenn*, No. 20-10351, 2021 WL 1035063, at \*1 (5th Cir. Mar. 17, 2021); *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that an underlying cause of action the prisoner wished to litigate "is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation"). Here, plaintiff states he was turned away from the law library door; he does not identify a cause of action he was hindered from pursuing. His failure or inability to plead a legal injury is fatal to his claim. *See Brewster*, 587 F.3d at 769.

Plaintiff's claims for denial of his First Amendment right to access the courts are **DISMISSED WITH PREJUDICE** for failure to state a viable claim for which relief may be granted under section 1983.

C.    Administrative Grievances

Plaintiff complains that one or more of the named defendants failed to respond to his administrative prison grievances. His allegations raise no viable claim for relief under section 1983. It is well established that a prisoner has no constitutional right to a satisfactory

resolution of his grievances, procedurally or substantively. *See Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005).

Plaintiff's claims regarding the defendants' failure to respond to his grievances are **DISMISSED WITH PREJUDICE** for failure to state a viable claim for which relief may be granted under section 1983.

D.      Retaliation

Plaintiff alleges that one or more of the defendants retaliated against him for filing grievances by sending him to the Jester IV Unit and to administrative segregation.

To prevail on a claim for retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for the exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995); *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that, but for the retaliatory motive, the complained of incident would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Id.* (internal quotation marks omitted). "The inmate must produce direct evidence of motivation, or the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal quotation marks omitted).

Plaintiff in the instant case pleads no factual allegations sufficient to show that, but for a retaliatory motive, he would not have been transferred to the Jester IV Unit or sent to administrative segregation.  Indeed, his pleadings show that he was transferred to the Jester IV Unit for medical reasons.  Plaintiff's pleadings further indicate that he was sent to administrative segregation as sanctions for one or more disciplinary convictions and related prehearing detentions.  Plaintiff pleads nothing more than his personal belief that the defendants retaliated against him, which is insufficient to raise a viable claim for retaliation.

Plaintiff's retaliation claims are **DISMISSED WITH PREJUDICE** for failure to state a viable claim for relief for which relief may be granted under section 1983.

E.      Disciplinary Convictions

Plaintiff seeks a declaratory judgment and monetary damages for one or more allegedly unconstitutional disciplinary convictions he received at the Jester III Unit.

The Supreme Court has held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  The *Heck* bar applies to prison disciplinary convictions.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that claims for declaratory relief and money damages, based on challenges to the validity of a prison disciplinary conviction and punishment, are not cognizable under section 1983 if the conviction and punishment have

not been set aside). Plaintiff does not allege that the disciplinary convictions have been reversed or set aside, and his claims are barred by *Heck* and *Balisok.*

Plaintiff's claims for monetary damages regarding one or more disciplinary convictions are **DISMISSED WITH PREJUDICE** to being asserted again until the *Heck* conditions are met.

F.      Administrative Segregation

Plaintiff also claims that he was unlawfully placed in administrative segregation for prehearing detention and as punishment for one or more unconstitutional prison disciplinary convictions. He seeks monetary damages and a declaratory judgment for such unlawful confinement. Plaintiff does not allege that the disciplinary convictions have been reversed or set aside, and his claims remain barred under *Heck* and *Balisok. See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir. 2007); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff's claims regarding placement in administrative segregation are **DISMISSED WITH PREJUDICE** to being asserted again until the *Heck* conditions are met.

G.      Involuntary Medications

Plaintiff alleges that he was administered involuntary medications in February 2016. In his prison administrative grievances, plaintiff claimed that this incident occurred at the Jester IV Unit. (Docket Entry No. 1, p. 27.) Because the defendants in this lawsuit were

employed at the Jester III Unit, plaintiff raises no viable claim for relief as to the defendants named in this lawsuit regarding administration of involuntary medications.

Plaintiff's claims regarding the administration of involuntary medications at the Jester IV Unit are **DISMISSED WITHOUT PREJUDICE**.

H.    <u>Unsanitary Conditions</u>

Plaintiff claims that conditions in his administrative segregation cell were "unhygienic" and "unsanitary," with filthy walls, floors, and toilets, and insufficient soap and toilet paper.  He claims that these conditions violated his Eighth Amendment rights.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations and internal quotation marks omitted).  Depending on the facts of a given case, "housing in filthy, unsanitary cells . . . might violate the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999).

Prison officials violate the Eighth Amendment only when two requirements are met. *Farmer*, 511 U.S. at 834. The courts are to consider (1) whether the alleged deprivation is objectively, sufficiently serious such that the act or omission results in the denial of the minimal civilized measure of life's necessities, and (2) whether the official had a sufficiently culpable state of mind in acting or failing to act. *Id.* The courts need not address the

subjective factor if alleged conditions do "not objectively demonstrate a sufficiently extreme deprivation." *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998).  Additionally, the duration of the prisoner's exposure to the conditions is to be considered.  For example, a "filthy, overcrowded cell and a diet of 'gruel' might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978).

The Court is not unsympathetic to plaintiff's complaints regarding the conditions of his administrative segregation confinement.  However, he must set forth facts and details sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff's factual allegations here lack the degree of specificity and duration necessary to raise a viable Eighth Amendment claim.  *See Harper*, 174 F.3d at 720.  Facts supporting a constitutional violation may exist in plaintiff's case, but they have not been pleaded.  Should plaintiff elect to pursue his claims,  his pleadings must show that the alleged deprivations were objectively, sufficiently serious that they denied him the minimal civilized measure of life's necessities, and that the relevant officers acted with a sufficiently culpable state of mind.  *Farmer*, 511 U.S. at 834.

Plaintiff's claims regarding conditions of his administrative segregation confinement are **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983.

12

I.   <u>John Starliper</u>

Plaintiff names as a defendant TDCJ employee John Starliper, a lieutenant at the Jester III Unit.  Plaintiff sets forth over two dozen discrete incidents regarding his prison experience, and apparently contends that Starliper is liable to plaintiff for these incidents in his capacity as a supervisory official.  Plaintiff's pleadings attempt to raise claims predicated on vicarious liability under the theory of *respondeat superior*, which is prohibited by section 1983.  *See Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987) (holding that supervisory officials cannot be held liable for the actions of subordinates on any theory of vicarious liability or *respondeat superior*); *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (holding that a supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury.").  Plaintiff does not plead factual allegations showing that Starliper implemented a specific unconstitutional policy that resulted in plaintiff's injury.  Nor does he denote any particular incidents that were caused by Starliper's personal involvement or his implementation of any specific unconstitutional policy.  Plaintiff's conclusory assertions of liability do not raise a viable constitutional claim against Starliper in his individual or supervisory capacity.

Plaintiff's pleadings fail to state a viable claim against defendant Starliper for which relief can be granted under section 1983, and his claims against John Starliper are **DISMISSED WITHOUT PREJUDICE**.

J.     Bolante A. Iweunor

Plaintiff names as a defendant TDCJ employee Bolante A. Iweunor, a correctional

officer at the Jester III Unit.  As his factual allegations against Iweunor, plaintiff states that,

"Masus [*sic*] use force, knocked the plaintiff onto the floor from his bed when he was

asleep. [D]enied medical care.  [A]s result numerous physical injuries and bleeding, then

transfer him to solitary."  (Docket Entry No. 9, p. 3.)  Plaintiff pleads no other factual

allegations as to this defendant.

Construed liberally, plaintiff's factual allegations raise a claim for use of excessive

force by Iweunor in removing him from bed.  A constitutional violation occurs where an

officer uses force maliciously and sadistically for the very purpose of causing harm to the

pretrial detainee rather in a good faith effort to maintain or restore discipline. *Hudson v.*

*McMillian*, 503 U.S. 1, 6 (1992).  Plaintiff provides no facts surrounding the alleged use of

force, and his pleadings  do not give rise to a viable claim for use of excessive force under

the Eighth Amendment.

Plaintiff also claims that Iweunor denied him medical care; that is, plaintiff contends

that he was deliberately indifferent to plaintiff's serious medical needs.  Deliberate

indifference requires that "the official knows of and disregards an excessive risk to inmate

health or safety; the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Farmer*, 511 U.S. at 837.  Thus, an Eighth Amendment claim requires proof of (1) an

14

objective exposure to a substantial risk of harm and (2) deliberate indifference of a prison official where the official had subjective knowledge that the inmate faced a substantial risk of harm and disregarded the risk. *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). Plaintiff pleads no factual allegations giving rise to a viable claim for deliberate indifference as to his serious medical needs.

Plaintiff's pleadings fail to state a viable claim against defendant Iweunor for which relief can be granted under section 1983, and his claims against Bolante A. Iweunor are **DISMISSED WITHOUT PREJUDICE.**

K.    Daniel R. Hunt

Plaintiff names as a defendant TDCJ employee Daniel R. Hunt, a disciplinary captain at the Jester III Unit.  He sets forth over two dozen discrete incidents regarding his prison experience, and argues that Hunt is liable to plaintiff for these incidents because Hunt had "overalls [*sic*] responsibility to ensure that the plaintiff's basic needs were met."  (Docket Entry No. 9, p. 4.)  He further argues that Hunt is liable under "municipal liability."  *Id.*

TDCJ is a state agency, not a municipality.  *See, e.g., Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (noting that TDCJ is a state agency pursuant to state law); *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir.1994) (stating that TDCJ is deemed an instrumentality of the state operating as its alter ego in carrying out a public function of the state).  Municipal liability has no application to the parties or claims in this lawsuit.

Moreover, plaintiff contends that Hunt is liable because Hunt had an overall responsibility to ensure that plaintiff's basic needs were met. Plaintiff's pleadings attempt to raise a claim for vicarious liability under the theory of *respondeat superior*. Plaintiff's claims against Hunt predicated on the conduct of prison subordinates are barred under section 1983. *See Thompkins*, 828 F.2d at 303–04; *Porter*, 659 F.3d at 446. Plaintiff does not plead factual allegations showing that Hunt implemented a specific unconstitutional policy that resulted in plaintiff's injury. Further, he does he denote particular incidents that were caused by Hunt's personal involvement or his implementation of any specific unconstitutional policy. Plaintiff's conclusory allegations do not raise a viable constitutional claim against Hunt in his individual or supervisory capacity.

Plaintiff's pleadings fail to state a viable claim against defendant Hunt for which relief can be granted under section 1983, and his claims against Daniel R. Hunt are **DISMISSED WITHOUT PREJUDICE**.

L.    Rabbiah Shabbaz

Plaintiff names as a defendant UTMB/TDCJ employee Rabbiah Shabbaz, a psychologist at the Jester III Unit. According to plaintiff, Shabbaz transferred him to the Jester IV Unit for thirty days for evaluation and medication. He claims that the Jester IV Unit is "a dangerous psychiatric hospital" where he was forced to take psychotropic drugs.

By plaintiff's own admission in his complaint, it was a "Ms. Martinez" who signed the order transferring him to the Jester IV Unit, not defendant Shabbaz. (Docket Entry No.

9, p. 6.) Thus, at most, plaintiff's allegations against Shabbaz in her individual capacity attempt to raise a claim against Shabbaz for supervisory liability. However, plaintiff does not plead factual allegations sufficient to raise a viable supervisory liability claim against Shabbaz. *See Thompkins*, 828 F.2d at 303–04; *Porter*, 659 F.3d at 446.

Moreover, plaintiff's conclusory allegation that the Jester IV Unit is a "dangerous psychiatric hospital" is not supported by factual allegations showing that the unit is "dangerous." That plaintiff was transferred to the unit for psychiatric evaluation and involuntary medication does not establish the facility as objectively dangerous.

Plaintiff's pleadings fail to state a viable claim against defendant Shabbaz for which relief can be granted under section 1983, and his claims against Rabbiah Shabbaz are **DISMISSED WITHOUT PREJUDICE.**

M.    Ms. Duncan

Plaintiff names as a defendant UTMB/TDCJ employee Ms. Duncan, a psychologist he saw for one visit at the Jester III Unit. According to plaintiff, Duncan transferred him to the Jester IV Unit, a "dangerous TDCJ psychiatric hospital."

As with his claim against defendant Shabbaz, plaintiff by his own admission states that "Ms. Martinez" signed the order for his transfer to the Jester IV Unit. (Docket Entry No. 9, p. 6.) Thus, at most, plaintiff's allegations against Duncan attempt to raise a claim for supervisory liability. However, plaintiff does not plead factual allegations sufficient to

raise a viable supervisory liability claim against Duncan.  *See Thompkins*, 828 F.2d at 303–04; *Porter*, 659 F.3d at 446.

Moreover, plaintiff's conclusory allegation that the Jester IV Unit is a "dangerous psychiatric hospital" is not supported by factual allegations showing that the unit is dangerous.  As stated above, plaintiff's transfer to the unit for psychiatric evaluation and involuntary medication does not establish the facility as objectively dangerous.

Plaintiff's pleadings fail to state a viable claim against defendant Duncan for which relief can be granted under section 1983, and his claims against Ms. Duncan  are **DISMISSED WITHOUT PREJUDICE**.

N.    Sundy Arimou

Plaintiff names as a defendant TDCJ employee Sundy Arimou, a correctional officer at the Jester III Unit.  Plaintiff claims that Arimou's attempts to remove him from a prisoner shower resulted in plaintiff's falling to the floor.

Plaintiff's factual allegations show that Arimou ordered plaintiff to exit the shower. Plaintiff refused, and Arimou attempted to physically remove plaintiff from the shower. Plaintiff continued resisting the officer's efforts to remove him, and at some point plaintiff fell to the floor.

Construed liberally, plaintiff's factual allegations raise a claim for use of excessive force by Arimou in removing him from the shower.  A constitutional violation occurs where an officer uses force maliciously and sadistically for the very purpose of causing harm to the

18

pretrial detainee rather in a good faith effort to maintain or restore discipline. *Hudson*, 503 U.S. at 6.  By his own admission, plaintiff refused to obey an order to leave the shower and resisted the officer's efforts to remove him.  Plaintiff fell during the course of Arimou's attempts to remove him.  These allegations do not give rise to a viable claim for use of excessive force under the Eighth Amendment.

Plaintiff's pleadings fail to state a viable claim against defendant Arimou for which relief can be granted under section 1983, and his claims against Sundy Arimou  are **DISMISSED WITHOUT PREJUDICE.**

O.    Harold L. Razor

Plaintiff names as a defendant TDCJ employee Harold L. Razor, a correctional officer at the Jester III Unit.  Plaintiff claims that Razor took his wheelchair away, resulting in plaintiff's falling to the floor because plaintiff refused to let go of the wheelchair.

Plaintiff's factual allegations show that prison officer Razor ordered plaintiff to relinquish the wheelchair.  Plaintiff refused, and Razor attempted to physically remove plaintiff from the chair.  Plaintiff continued holding on to the chair to avoid being removed, and at some point he fell to the floor.  Thus, plaintiff acknowledged that he had failed to obey the officer's orders.

Construed liberally, plaintiff's factual allegations raise a claim for use of excessive force by Razor in removing him from the wheelchair.  A constitutional violation occurs where an officer uses force maliciously and sadistically for the very purpose of causing

harm to the pretrial detainee rather in a good faith effort to maintain or restore discipline. *Hudson*, 503 U.S. at 6. By his own admission, plaintiff refused to obey an order to relinquish the wheelchair, and he fell while resisting Razor's attempts to remove him from the chair. These allegations do not give rise to a viable claim for use of excessive force under the Eighth Amendment.

Plaintiff's pleadings fail to state a viable claim against defendant Razor for which relief can be granted under section 1983, and his claims against Harold L. Razor are **DISMISSED WITHOUT PREJUDICE**.

P.      <u>Christopher Smith</u>

Plaintiff names as a defendant TDCJ employee Christopher Smith, a lieutenant at the Jester III Unit. He claims that Smith undertook an inappropriate disciplinary proceeding with placement in administrative segregation, and played a role in his transfer to the Jester IV Unit, a "dangerous psychiatric hospital." (Docket Entry No. 9, p. 6.)

Plaintiff's complaints regarding his disciplinary proceedings do not raise a viable claim under section 1983. In order to obtain a declaratory judgment or monetary damages for an allegedly unconstitutional disciplinary conviction or punishment, plaintiff must show that the conviction or punishment has been reversed or set aside. *Heck*, 512 U.S. at 486–87; *Balisok*, 520 U.S. at 648. Plaintiff does not allege that the disciplinary conviction or punishment has been reversed or set aside, and his claims are barred by *Heck* and *Balisok*.

Nor does plaintiff raise a viable section 1983 claim against Smith as to plaintiff's transfer to the Jester IV Unit. Plaintiff pleads factual allegations showing that a "Ms Martinez" signed the orders for plaintiff's transfer to the Jester IV Unit. At most, plaintiff's complaint shows that plaintiff and Smith discussed the transfer at some point. Plaintiff pleads no factual allegations establishing Smith's personal involvement in the transfer order or any of the incidents leading up to the transfer order.

Plaintiff further complains of numerous discrete incidents regarding his prison experience, and contends that Smith is liable to plaintiff for these incidents in his capacity as a supervisory official. Plaintiff's pleadings again attempt to raise claims based on *respondeat superior*, which is prohibited by section 1983. *See Thompkins*, 828 F.2d at 303–04; *Porter*, 659 F.3d at 446 (5th Cir. 2011). Plaintiff does not plead factual allegations showing that Smith implemented a specific unconstitutional policy that resulted in plaintiff's injury. Nor does he denote any particular incidents that were caused by Smith's personal involvement or his implementation of any specific unconstitutional policy. Plaintiff's conclusory allegations do not raise a viable constitutional claim against Smith.

Plaintiff's pleadings fail to state a viable claim against defendant Smith for which relief can be granted under section 1983, and his claims against Christopher Smith are **DISMISSED WITHOUT PREJUDICE**.

Q.    Lukuman A. Tiamiyu

Plaintiff names as a defendant TDCJ employee Lukuman A. Tiamiyu, a correctional officer at the Jester III Unit.  He claims that, because Tiamiyu worked with the other defendants, he is liable for monetary damages.  (Docket Entry No. 9, p. 9.)

Plaintiff pleads no factual allegations showing that Tiamiyu had any personal involvement in the incidents made the basis of this lawsuit.  "[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). That Tiamiyu may have "worked with" other defendants at the Jester III Unit is insufficient to raise a viable claim for relief against him.

Plaintiff's pleadings fail to state a viable claim against defendant Tiamiyu for which relief can be granted under section 1983, and his claims against Lukuman A. Tiamiyu are **DISMISSED WITHOUT PREJUDICE**.

R.    Lauretta Onwukwe

Plaintiff names as a defendant UTMB/TDCJ employee Lauretta Onwukwe, a nurse practitioner at the Jester III Unit.  He claims that, because Onwukwe worked with the other defendants, she is liable for monetary damages.  (Docket Entry No. 9, p. 9.)

Plaintiff pleads no factual allegations showing that Onwukwe had any personal involvement in the incidents made the basis of this lawsuit.  "[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy*, 950 F.2d

22

at 292. That Onwukwe may have "worked with" other defendants at the Jester III Unit is insufficient to raise a viable claim for relief against her.

Plaintiff's pleadings fail to state a viable claim against defendant Onwukwe for which relief can be granted under section 1983, and his claims against Lauretta Onwukwe are **DISMISSED WITHOUT PREJUDICE**.

S.    Martha L. Beck

Plaintiff names as a defendant UTMB/TDCJ employee Martha L. Beck, a nurse practitioner at the Jester III Unit. He argues that, *if* Beck was involved in his claims against other medical care providers, then she is liable for monetary damages. (Docket Entry No. 9, p. 8, emphasis added.) Plaintiff fails to plead any specific factual allegations showing that Beck had any personal involvement in the incidents made the basis of this lawsuit. *See Murphy*, 950 F.2d at 292.

Plaintiff's pleadings fail to state a viable claim against defendant Beck for which relief can be granted under section 1983, and his claims against Martha L. Beck are **DISMISSED WITHOUT PREJUDICE**.

T.    FNU Outtuloro

Plaintiff names as a defendant FNU Outtuloro, a correctional officer at the Jester III Unit. (Docket Entry No. 9, p. 11.) Plaintiff states that on March 2, 2017, he was "denied medication" by Outtuloro. *Id.*, p. 10. No further facts are given. That plaintiff was "denied medication" on a certain date does not, standing alone, give rise to an Eighth Amendment

violation. Plaintiff fails to plead factual allegations sufficient to raise a viable claim for deliberate indifference as to his serious medical needs. *See Gobert*, 463 F.3d at 345–46.

Plaintiff's pleadings fail to state a viable claim against defendant Outtuloro for which relief can be granted under section 1983, and his claims against FNU Outtuloro are **DISMISSED WITHOUT PREJUDICE**.

U.    Martha Laura Burgess

Plaintiff names as a defendant Martha Laura Burgess, a deputy warden for security at the Jester III Unit. He alleges that she is in charge of supervision and discipline of all correctional staff at the Jester III Unit. (Docket Entry No. 9, p. 11.)

Plaintiff fails to plead any specific factual allegations showing that Burgess had any personal involvement in the incidents made the basis of this lawsuit. *See Murphy*, 950 F.2d at 292. Nor does he plead factual allegations establishing Burgess's supervisory liability. To the contrary, plaintiff's pleading attempt to raise a claim for vicarious liability under the theory of *respondeat superior*. Plaintiff's claims against Burgess predicated on the conduct of prison subordinates is barred under section 1983. *See Thompkins*, 828 F.2d at 303–04; *Porter*, 659 F.3d at 446 (5th Cir. 2011).

Plaintiff's pleadings fail to state a viable claim against defendant Burgess for which relief can be granted under section 1983, and his claims against Martha Laura Burgess are **DISMISSED WITHOUT PREJUDICE**.

V.    Ms. Dostal

Plaintiff names as a defendant Ms. Dostal, a senior practice manager employed by UTMB at the Jester III Unit.  He claims that Ms. Dostal was responsible for ensuring medical care to all prisoners at the unit.  (Docket Entry No. 9, p. 12.)

Plaintiff fails to plead any specific factual allegations showing that Dostal had personal involvement in the incidents made the basis of this lawsuit. *See Murphy*, 950 F.2d at 292.  To the contrary, plaintiff's pleading attempt to raise a claim for vicarious liability under the theory of *respondeat superior*.  Plaintiff's claims against Dostal predicated on the conduct of prison subordinates is barred under section 1983.  *See Thompkins*, 828 F.2d at 303–04; *Porter*, 659 F.3d at 446 (5th Cir. 2011).

Plaintiff's pleadings fail to state a viable claim against defendant Dostal for which relief can be granted under section 1983, and his claims against Ms. Dostal are **DISMISSED WITHOUT PREJUDICE**.

W.    FNU Simpson

Plaintiff names as a defendant FNU Simpson.  He alleges that Simpson is a warden at the Jester III Unit and is responsible for reviewing all administrative appeals and prisoner disciplinary proceedings.  (Docket Entry No. 9, p. 12.)  He also claims that Simpson, in his supervisory capacity, is liable for the incidents made the basis of this lawsuit.

Plaintiff fails to plead any specific factual allegations showing that Simpson had personal involvement in any incidents made the basis of this lawsuit. *See Murphy*, 950 F.2d

25

at 292.  Nor does he plead factual allegations establishing Simpson's supervisory liability.

To the contrary, plaintiff's pleading attempt to raise a claim for vicarious liability under the

theory of *respondeat superior*.  Plaintiff's claims against Simpson predicated on the conduct

of prison subordinates is barred under section 1983.  *See Thompkins*, 828 F.2d at 303–04;

*Porter*, 659 F.3d at 446 (5th Cir. 2011).

Plaintiff's pleadings fail to state a viable claim against defendant Simpson for which

relief can be granted under section 1983, and his claims against FNU Simpson are

**DISMISSED WITHOUT PREJUDICE.**

X.     <u>Tolling</u>

The Court granted plaintiff leave to file an amended complaint to comply with FRCP

18(a) and 20.  Plaintiff's amended complaint did not comply with those rules, nor did

plaintiff plead factual allegations sufficient to raise viable claims for relief under section

1983 for the majority of his claims.  Accordingly, as to any claim dismissed without

prejudice in this order, limitations is **TOLLED** for **SIXTY DAYS** from date of this order

so that plaintiff may pursue the claims, at his election, in a properly-pleaded section 1983

lawsuit filed in a court of proper jurisdiction.  The Court expresses no opinion as to the

merits, if any, of plaintiff's claims.

## III.  STATE LAW CLAIMS

Plaintiff raises state law claims against the defendants in their individual capacities.

The statutory provisions of 28 U.S.C. § 1367(c)(3) specifically grant a district court the

discretion to retain or decline supplemental jurisdiction once it has dismissed all claims over which it has original jurisdiction, such as plaintiff's section 1983 claims here.

"As a general rule, a federal court should decline to exercise jurisdiction over pendent state claims when all federal claims are disposed of prior to trial." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Brim v. ExxonMobil Pipeline Co.*, 213 F. App'x 303, 305 (5th Cir. 2007). The Fifth Circuit has stated that "in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (internal quotations and citations omitted).

For these reasons, the Court declines to exercise jurisdiction over plaintiff's state law claims in this case.

## IV.  CONCLUSION

The Court **ORDERS** as follows:

1.  Plaintiff's claims for monetary damages against the defendants in their official capacity are **DISMISSED WITH PREJUDICE.**

2.  Plaintiff's claims as to denial of access to courts, his administrative grievances, and retaliation are **DISMISSED WITH PREJUDICE.**

3.  Plaintiff's claims as to his disciplinary convictions and administrative segregation sanctions are **DISMISSED WITH PREJUDICE** to being asserted again until the *Heck* conditions are met.

4.     Plaintiff's claims as to involuntary medications at the Jester IV Unit and unsanitary conditions of his administrative segregation cell at the Jester III Unit are **DISMISSED WITHOUT PREJUDICE**.

5.     Plaintiff's claims against the named defendants in their individual or supervisory capacity are **DISMISSED WITHOUT PREJUDICE**.

6.     Limitations are **TOLLED** for **SIXTY DAYS** from date of this order as to any claim dismissed without prejudice in this order so that plaintiff may pursue the claims, at his election, in a properly-pleaded section 1983 lawsuit filed in a court of proper jurisdiction.

7.     Any and all pending motions are **DISMISSED AS MOOT**.

8.     Any motion for new trial under FRCP 59 must be filed within **TWENTY-EIGHT DAYS** from the date judgment is entered herein.

**SIGNED** at Houston, Texas on the _31st_ day of March, 2021.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE